IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION NO. |
| v. | 1:18-CR-00339-MHC |
| DERRELL LEE | |

**SENTENCING MEMORANDUM AND
REQUEST FOR REASONABLE SENTENCE**

COMES NOW the Defendant, DERRELL LEE, by and through his counsel, and submits this Sentencing Memorandum and Request for Reasonable Sentence to assist the Court in its determination of a reasonable sentence that is sufficient but not greater than necessary to comply with the directives of 18 U.S.C. § 3553(a) and of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

A final supervised release revocation hearing is scheduled before this Court on Thursday, October 10, 2019, beginning at 3:00 p.m. Respectfully, Mr. Lee requests a reasonable sentence of time served in this case. In support of this Memorandum, Mr. Lee shows the Court as follows:

**I.      The Supervised Release Petition.**

The Petition alleges violations of supervised release including testing positive for marijuana, failure to report for drug testing, failure to pay special assessment, leaving the district without permission, failure to be truthful with the probation officer, failure to notify probation officer of residence change, failure to participate in drug treatment, failure to report to probation officer as directed, failure to follow probation officer's instructions and committing new criminal conduct.  Chapter 7 of the Guidelines addresses violations of supervised release. Based on Mr. Lee's Criminal History Category of III and the Grade C (technical) violations in the Petition, the advisory guideline range is 5 to 11 months pursuant to § 7B1.4.(a).

**II.     Downward Departure or Variance Based on USP-ATL Deplorable Conditions.**

Mr. Lee has been in federal custody since on or about July 11, 2019.  He was transported to USP-Atlanta on July 25, 2019.  As of the date of the sentencing hearing in this case, Mr. Lee will have been at USP-Atlanta for 78 days or 2 months and 16 days under deplorable conditions.

During the last 78 days, he and his cellmates have been on 24-hour lockdown for three to five days at a time.  During the 24-hour lockdown, he and his cellmates are not allowed to leave their cells.  There are no showers, telephone

use or visitation during the lockdowns. When lockdowns are lifted, approximately 100+ inmates are released from their cells and allowed to use the 3-4 working showers during a 60 minute period. During this 60 minute period, 2 working telephones are made available to the entire unit. As a result of such severe restrictions, Mr. Lee has been unable to communicate with his family and his attorney.

Since his arrival at USP-Atlanta in July, he has been provided one set of underclothes that is not laundered for two to three weeks at a time. A clean set of underclothes are not provided so basically you have to go without in order to have your underwear cleaned every two to three **weeks**. The standard prison issued red jumpsuit is changed out every two weeks.

One washcloth, one towel and one blanket and one sheet was provided upon his arrival 78 days ago. These items are not laundered or replaced.

Meals are served in the cells every meal and consist of watery oatmeal and small portions. Mr. Lee has reported being served visibly moldy food items. Commissary is extremely limited and consists of coffee and two kinds of chips. Cells and the pods are infested with roaches. The facility has no cleaning supplies to keep the cells clean and prevent bugs.

During some of the hottest days of July, the pod had no air conditioning or airflow.

Additionally, Mr. Lee has witnessed inmate stabbings and other acts of violence during his incarceration at USP-Atlanta.

These conditions at USP-Atlanta stand in stark contrast to the conditions at Robert A. Deyton Detention Facility ("RADDF"), where most pretrial detainees are housed. At RADDF, inmates walk around freely in their pod and go outside in the yard for at least one hour each day. Showers and phones are available without limitation.

RADDF provides three uniforms to inmates, so uniforms are cleaned regularly. RADDF is not overcrowded. RADDF is not infested with roaches and provides cleaning supplies so that inmates can keep their cells clean. The horrible conditions at USP-Atlanta have made Mr. Lee's pretrial detention for the last 78 days far more punitive than the time would have been if he was housed at RADDF and far more punitive than most other pretrial federal inmates.

The Eleventh Circuit has recognized that unduly harsh or substandard conditions of pretrial confinement are a valid reason for a downward departure. In United States v. Pressley, the Eleventh Circuit held that "conditions of [pretrial]

4

confinement could provide a basis for a departure, since this factor was apparently not taken into account by the Sentencing Commission and could be unusual enough to take a case out of the heartland of the applicable guideline." 345 F.3d 1205, 1218 (11th Cir. 2003). Mr. Pressley spent six years in presentence confinement of which five were spent at USP Atlanta in 23-hour-a-day lockdown. Id. at 1219. The Eleventh Circuit found the facts of incarceration "extraordinary, both in the length of presentence confinement and in the conditions." Id. In Pressley, the Court not only affirmed that a district court possesses the authority to vary below a defendant's guideline range on this basis, but it has endorsed the variance for a defendant who endured pretrial custody at the very same facility as Mr. Lee. Mr. Lee has been at the same penitentiary as Mr. Pressley for the last 78 days and endured many of the same conditions that Mr. Pressley did.

Although Mr. Pressley waited in pretrial custody for a much longer stretch of time than Mr. Lee did, Mr. Lee is not asking for as much time off his sentence as Mr. Pressley did. In addition, the length of time was not all that mattered to the Eleventh Circuit. The panel in Pressley was equally concerned with the inmate's experience within that penitentiary stating that "[t]hese facts are extraordinary, both in the length of presentence confinement and in the conditions." Id. The

unique conditions at USP-Atlanta warrant a lower sentence for those inmates, including Mr. Lee, who endure them.

Based on the conditions reported by Mr. Lee and pursuant to United States v. Pressley, Mr. Lee asks that the Court depart downward or grant a variance to account for the oppressive conditions of pretrial incarceration that he has endured while at USP-Atlanta. Mr. Lee also notes that regardless of the sentence imposed by the Court at sentencing, he will remain at USP-Atlanta while the Bureau of Prisons ("BOP") calculates his sentence and designates him.

## III. Conclusion

Mr. Lee accepts full responsibility for his actions and admits the violations in the petition. However, the § 3553 factors must be considered in this case as mitigation supporting a sentence below the advisory guideline ranges. Additionally, the unduly harsh conditions he has been subject to while in pretrial custody for the last 78 days also mitigate in favor of a downward variance in this case.  For these reasons, Mr. Lee urges the Court to sentence him below the advisory guideline range in this case.

"It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion."  Burns v. United

States, 287 U.S. 216, 220-21 (1932). This Court is empowered to impose a sentence below the advisory guideline range in this case. Mr. Lee is requesting a sentence of time served[1] in this case with 2 for 1 credit for USP-Atlanta time due to the oppressive conditions he's had to endure during pretrial confinement.

Dated: This 8th day of October, 2019.

Respectfully Submitted,

*/s/ Judy A. Fleming*
JUDY A. FLEMING
GEORGIA BAR NO. 431198
ATTORNEY FOR MR. LEE

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax: 404-688-0768
Judy_Fleming@fd.org

---

[1] Including the time served since July 11, 2019, Mr. Lee has been in continuous federal custody for 92 days as of the date of the sentencing in this case.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum and Request for Reasonable Sentence is formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

>Scott McAfee, Esq.
>Assistant United States Attorney
>Suite 600, Richard B. Russell Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia 30303

Dated:  This 8th day of October, 2019.

>*/s/ Judy A. Fleming*
>JUDY A. FLEMING
>GEORGIA BAR NO. 431198
>ATTORNEY FOR MR. LEE

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax: 404-688-0768
Judy_Fleming@fd.org

8